UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHERINE FLEMING, EDWARD R. HADUCK, and VICTORIA WENDEL,<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY MANAGEMENT TRUST COMPANY, FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC.,<br><br>Defendants. | Civil Action No. 16-10918-ADB<br><br>**Oral Argument Requested** |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' BROKERAGELINK CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(b)(1)**

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants Fidelity Management Trust Company and Fidelity Investments Institutional Operations Company, Inc. ("Defendants") hereby move to dismiss all claims regarding BrokerageLink (in Counts III and IV of the Complaint) for lack of subject matter jurisdiction.

For the reasons stated in the accompanying Memorandum in Support of Defendants' Motion to Dismiss BrokerageLink Claims for Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1),[1] all claims regarding Fidelity BrokerageLink should be dismissed because Plaintiff Fleming, the only named plaintiff who utilized BrokerageLink, lacks Article III standing to assert the BrokerageLink claims. Plaintiffs allege that Fidelity violated ERISA when plan participants selected a mutual fund in which to invest and *thereafter* Fidelity selected a share

---

[1] Pursuant to the Court's October 17, 2016 Order, Defendants' memorandum in support of this motion is consolidated with their reply memorandum in further support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 23).

class that had higher fees than other available share classes. This Court lacks jurisdiction to adjudicate such claims because this allegedly wrongful action never happened to Ms. Fleming. Rather, in each instance in which *Ms. Fleming* invested in BrokerageLink, she knew and chose the share class in which she would be investing before she made a purchase decision. Ms. Fleming therefore cannot show that she was injured by Fidelity's purported practice of choosing share classes after plan participants decided to invest in a particular mutual fund, and this Court thus lacks jurisdiction to consider Plaintiffs' BrokerageLink claims.

WHEREFORE, Fidelity respectfully requests dismissal of all claims related to Fidelity BrokerageLink (in Counts III and IV of the Complaint).

### REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7.1(d), Defendants request oral argument at a date and time to be set by the Court.

Dated: November 3, 2016                                  Respectfully Submitted,

/s/ James R. Carroll_____                         /s/ Alison V. Douglass_____
James R. Carroll (BBO #554426)                           Alison V. Douglass (BBO #646861)
Michael S. Hines (BBO #653943)                           Jaime A. Santos (BBO #689946)
SKADDEN, ARPS, SLATE                                     GOODWIN PROCTER LLP
MEAGHER & FLOM LLP                                       100 Northern Avenue
500 Boylston Street                                      Boston, MA 02210
Boston, Massachusetts 02116                              (617) 570-1000
(617) 573-4800                                           adouglass@goodwinlaw.com
james.carroll@skadden.com                                jsantos@goodwinlaw.com
michael.hines@skadden.com

*Attorneys for Defendants*

## LOCAL RULE 7.1(A)(2) CERTIFICATION
## AND CERTIFICATE OF SERVICE

      Pursuant to Local Rule 7.1(a)(2), I, Alison V. Douglass, hereby certify that counsel for Defendants conferred with opposing counsel and were unable to resolve or narrow the issues presented in this motion prior to filing.

      I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on November 3, 2016.

      /s/ Alison V. Douglass